CHARLES MUHLENBECK v. TOWN OF WEST HOBOKEN ET AL.

Decided December 28, 1923.

**Pleading—Striking Out Plea as False or Sham—To Justify Court it Must Appear so Palpably False or Insufficient as to Justify the Conclusion that Defendant is Seeking Delay or is Trifling with Court.**

On motion for summary judgment on plea.

For the motion, *Harlan Besson.*

*Contra, Abram C. Safyer.*

The opinion of the court was delivered by

MINTURN, J. The Court of Errors and Appeals, at the present term (*Muhlenbeck* v. *West Hoboken, vol. 1, No. 42, N. J. Adv. Rep.* 1495), held that the judgment of nonsuit directed against the plaintiff at a former trial was error.

The question involved was whether the plaintiff had entered into a contract with the town to accept a reduced salary from that established by ordinance. The Court of Errors and Appeals, on the facts submitted, held that the question was at least one for the jury. The facts presented on this motion present a stronger case than that presented upon the

appeal, and I am therefore not disposed to deprive the defendant of the opportunity of substantiating his contention upon a trial before a jury. To warrant the court in striking out a plea as false or sham, it must be so palpably false or insufficient in law as to enable the court to conclude that the defendant is seeking delay or trifling with the process of the law. *Fidelity Insurance Co. v. Wilkes-Barre Railroad Co.,* 120 *Atl. Rep.* 734.

When to decide the question it becomes necessary to take testimony to enable the court to determine the relative merits of the controversy, or the justice or injustice of the defense, the defendant's constitutional right to a jury trial requires that the motion to deprive him of his defense be denied. The taking of testimony upon the issue thus presented therefore, on this motion, will serve no practical legal purpose, and the motion to strike out will be denied, but without costs.